**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tobias I. Baca,<br><br>    Plaintiff,<br><br>vs.<br><br>Robert N. Ewing; and Fremont, Industrial Indemnity, Cambridge,<br><br>    Defendants. | No. CV-11-883-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for default judgment against Defendants in the amount of 160 million dollars. Doc. 7. The motion will be denied.

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgment. Obtaining default judgment under Rule 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

The first step is for the Clerk to enter the non-appearing party's default under Rule 55(a). Plaintiff has filed an application for entry of default (Doc. 6), but the Clerk has not entered Defendants' default on the ground that it does not appear that service of process has been properly completed pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Docs. 4, 5.

The second step only occurs after the non-appearing party's default has been entered by the Clerk. Entry of default judgment against a non-appearing defendant is at the Court's discretion pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092

(9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court will consider in deciding whether to grant default judgment include the possibility of prejudice to the plaintiff, the merits of the claims, the sufficiency of the complaint, the amount of money at stake, the possibility of a dispute concerning material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. *See Eitel*, 782 F.2d at 1471-72.

Plaintiff's motion for default judgment must be denied. The motion is premature as Defendants' default has not been entered. Additionally, the motion does not address the *Eitel* factors or otherwise substantiate the amount of damages sought. "The general rule of law is that upon default the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true" *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (emphasis added); *see* Fed. R. Civ. P. 8(b)(6).

Plaintiff is advised that although he is proceeding pro se, he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

Plaintiff is further advised that he is responsible for having the summons and complaint properly served on each Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with

prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 7) is **denied**.

Dated this 12th day of July, 2011.

David G. Campbell
United States District Judge