**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tobias I. Baca,<br><br>                    Plaintiff,<br><br>vs.<br><br>Robert N. Ewing; and Fremont, Industrial Indemnity, Cambridge,<br><br>                    Defendants. | No. CV-11-0883-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed an application for default judgment against Defendants in the amount of $160,000,000. Doc. 18. The application will be denied.

The Clerk entered default against Defendant Freemont, Industrial Indemnity, Cambridge, but denied default against Defendant Ewing because he has not been served with process. Doc. 19. The Court will dismiss the claims against Defendant Ewing for lack of service.

Plaintiff seeks default judgment against all Defendants, but the Court will consider the application only as it relates to Defendant Freemont, Industrial Indemnity, Cambridge. Default judgment is not automatic when default has been entered. In deciding whether to exercise its discretion and enter default judgment, the Court should consider (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal

Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Factors (2), (3), (4), and (5) persuade the Court that default judgment in the amount of $160,000,000, or any other monetary amount, is not warranted in this case. The Court cannot understand Plaintiff's complaint. Doc. 1. It appears to allege that he has been forced to undergo a wide range of surgical procedures against his will and has been controlled by remote electronic technology. It also appears that Plaintiff has asserted these claims many times in the past. The "informal brief" filed with his complaint suggests that Plaintiff's claims have been before at least two other judges of this Court (Judges Wake and Murguia), before the Ninth Circuit, and before the United States Supreme Court. Doc. 2. The Court cannot conclude that Plaintiff's substantive claims have merit, that his complaint sufficiently and plausibly pleads viable causes of action, or that his claimed damages bear any relationship to reality. The Court also finds a high likelihood of factual dispute with Plaintiff's allegations. As a result, the Court exercises its discretion to deny Plaintiff's application for default judgment.

**IT IS ORDERED:**

1.      Plaintiff's application for default judgment (Doc. 18) is **denied**.

2.      The claims against Defendants Ewing are dismissed for lack of service.

Dated this 13th day of February, 2012.

_____

David G. Campbell
United States District Judge