**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tobias I. Baca,<br><br>            Plaintiff,<br><br>v.<br><br>Robert N. Ewing; and Fremont, Industrial Indemnity, Cambridge,<br><br>            Defendants. | No. CV-11-0883-PHX-DGC<br><br>**ORDER** |

This case has a difficult history. Plaintiff filed his pro se complaint on May 3, 2011. Doc. 1. Although the complaint is difficult to understand, Plaintiff appears to allege that he has been subjected against his will to various surgical procedures, including procedures to install remote control devices in his body. Plaintiff's complaint was accompanied by a document titled "Informal Brief," which attaches a Petition for Writ of Certiorari and other documents that exceed 100 pages. Doc. 2-1. The attached documents further explain Plaintiff's complaint that he has been subjected involuntarily to surgical procedures to implant devices in his body to control his mind and actions. *Id*.

When Plaintiff failed to serve the complaint within the time required by Federal Rule of Civil Procedure 4, the Court held a conference with Plaintiff on November 3, 2011. Doc. 13. The Court gave Plaintiff until December 9, 2011 to complete service, stating that no further extensions would be granted. Doc. 12.

Plaintiff did not serve Defendant Ewing by December 9, 2011. *See* Doc. 16. As a result, the Court dismissed the claims against Defendant Ewing. Doc. 20.

Plaintiff did purport to serve Defendant Fremont by December 9, 2011. Doc. 16. When Defendant Fremont failed to respond, Plaintiff obtained the Clerk's entry of default. Doc. 19. Plaintiff then filed an application asking this Court to enter default judgment against Defendant Fremont. Doc. 18. The Court declined to enter default judgment. Considering the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Court concluded that default judgment in the amount sought by Plaintiff – $160,000,000 – was not warranted. Nor was a default judgment in any amount warranted. The Court noted that it could not clearly understand Plaintiff's complaint, that Plaintiff's claims appear to have been before at least two other judges of this Court, and that the Court could not conclude that Plaintiff's claims had merit. Doc. 20.

On April 9, 2012, Plaintiff filed another application for entry of default. Doc. 21. This document asked the Clerk to enter default against Defendants Fremont and Ewing, but default had already been entered by the Clerk against Defendant Fremont and the claims against Defendant Ewing had been dismissed.

On June 8, 2012, the Court entered an order requiring Plaintiff to file a status report concerning the case. Doc. 22. In response, Plaintiff filed another document the Court cannot understand. Doc. 23. Attached to the document was another motion for default judgment against Defendant Fremont, dated June 14, 2012, which has never been filed with the Court. Doc. 23 at 4.

On June 22, 2012, Plaintiff filed a motion for leave to proceed in forma pauperis. Doc. 24. Attached to the motion was another complaint, virtually identical to the complaint in this case, as well as various other documents and x-rays. Doc. 24.

A review of the Court's docket shows that Plaintiff has been asserting claims against Defendants Ewing and Fremont for some time. His previous cases include CV02-603, CV02-1479, CV05-439, and CV09-687. In addition, as noted above, Defendant apparently has presented his arguments to the United States Supreme Court and the Ninth Circuit Court of Appeals. Doc. 2.

The Court is thus left with a case where one Defendant has been dismissed, the

other Defendant has failed to respond, but the Court has concluded that it should not enter default judgment because Plaintiff's claims appear to lack merit. Moreover, Plaintiff is not prosecuting this case in a coherent fashion, but instead files documents that are difficult to understand and repeats the filing of documents previously presented to the Court.

As the Court has reviewed the docket and the complaint, a more fundamental problem has appeared. Contrary to Rule 8(a)(1), Plaintiff's complaint fails to identify the basis for this Court's jurisdiction. The Court has subject matter jurisdiction over cases "arising under" federal law, 28 U.S.C. § 1331, but Plaintiff's complaint does not appear to assert a federal claim. Rather, the complaint accuses Defendants of "wanton negligence" and "extreme departure from ordinary care." Doc. 1 at 2. The Court also has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff's complaint asserts that he is a resident of Arizona. Doc. 1. The various documents filed by Plaintiff in connection with his service attempts suggest that Defendants are also residents of Arizona. *See* Docs. 15, 16. Thus, it appears the Court does not have diversity jurisdiction.

A Court may, sua sponte, raise the question of subject matter jurisdiction at any time during the pendency of an action. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 673 (9th Cir. 2012). The Court accordingly will require Plaintiff, on or before **July 27, 2012**, to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS ORDERED:**

1. Plaintiff shall file a memorandum on or before **July 27, 2012**, explaining the basis for this Court's subject matter jurisdiction over this action. If Plaintiff fails to file a memorandum by that date, or fails to establish this Court's subject matter jurisdiction, this action will be dismissed.

2. The Clerk is directed to terminate this matter without further order if

Plaintiff fails to file a memorandum by **July 27, 2012**.

Dated this 12th day of July, 2012.

_David G. Campbell_
David G. Campbell
United States District Judge